IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § CRIMINAL NO. 4:13-CR-132-ALM-CAN |
| | § |
| ADAN GONZALEZ QUINTERO (2) | § |
| | § |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 16, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Colleen Bloss.

On September 11, 2014, United States District Judge Richard A. Schell sentenced Defendant to a term of one-hundred and eight (108) months' imprisonment followed by five (5) years of supervised release. On September 17, 2015, this case was reassigned to United States District Judge Amos L. Mazzant, III. On October 23, 2020, Defendant completed his term of imprisonment and began serving the term of supervision.

On March 31, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 190). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) immediately upon release from confinement, Defendant shall be surrendered to a duly authorized immigration official for deportation proceedings and, if deported, (a) must remain outside of the United States, and (b) must report to the nearest U.S. Probation Office within 72 hours of any reentry into the United States. *See* Dkt. 190.

The Petition asserts Defendant violated the foregoing conditions as follows:

1. Defendant was deported on October 23, 2020. On March 12, 2022, Defendant was found to be in Webb County, Texas, in violation of 8 U.S.C. § 1326 (Reentry of Removed Alien).
2. Defendant failed to remain outside of the United States after his deportation, as evidenced by his arrest by Customs and Border Protection on March 12, 2022. Additionally, Defendant failed to report to the nearest U.S. Probation Office within 72 hours of his reentry into the United States.

On May 16, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 203. Defendant entered a plea of true to allegations one and two, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 203, 204. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the May 16, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, followed by fifty-one (51) months of supervised release under the same conditions previously imposed. The Court further recommends Defendant be placed at a Federal Bureau of Prisons facility in Post, Texas, if appropriate.

**So ORDERED and SIGNED this 17th day of May, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE